HASBERG v. PICKERS BROS. (Supreme Court, Appellate Division, First Department. December 12, 1913.) Action by Nathan Hasberg against Pickers Bros. No opinion. Motion denied, with $10 costs. Order filed. See, also, 143 N. Y. Supp. 1121.

HATCH, Respondent, v. CITY OF ELMIRA, Appellant. (Supreme Court, Appellate Division, Third Department. November 26, 1913.) Action by Margaret C. Hatch against the City of Elmira. No opinion. Judgment and order unanimously affirmed, with costs. See, also, 142 App. Div. 174, 126 N. Y. Supp. 863.

HATCH et al., Respondents, v. HEINZE et al., Appellants. (Supreme Court, Appellate Division, First Department. November 28, 1913.) Action by Henry P. Hatch and another against Otto C. Heinze and others. F. H. Platt, of New York City, for appellants. J. A. Garver, of New York City, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

HATHAWAY v. KLINE. (Supreme Court, Appellate Division, First Department. December 26, 1913.) In the matter of Galen B. Hathaway against Ardolph L. Kline. No opinion. Motion denied, with $10 costs. Order filed. See, also, 144 N. Y. Supp. 538.

HAVERTY'S TAXICABS, Inc., v. CITY OF NEW YORK et al. (Supreme Court, Appellate Division, First Department. December 12, 1913.) Action by the Haverty's Taxicabs, Incorporated, against the City of New York and others. J. W. Browne, of New York City, for appellant. A. R. Watson, of New York City, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements. Order filed.

SCOTT, J., dissents.

HEILBRUNN v. NORTH BRITISH & MERCANTILE INS. CO. (Supreme Court, Appellate Division, First Department. November 28, 1913.) Action by Simon Heilbrunn against the North British & Mercantile Insurance Company. No opinion. Application granted. Order signed.

In re HEINSHEIMER. (Supreme Court, Appellate Division, First Department. December 12, 1913.) In the matter of Norbert Heinsheimer. No opinion. Motion denied, with $10 costs. Order filed. See, also, 143 N. Y. Supp. 895; 158 App. Div. 922, 143 N. Y. Supp. 1121.

HEMSTREET, Respondent, v. CHILDS, Appellant. (Supreme Court, Appellate Division, Second Department. November 21, 1913.) Action by Ralph E. Hemstreet against Gertrude E. Childs. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals (from 143 N. Y. Supp. 1121) denied.

In re HERRMANN. (Supreme Court, Appellate Division, First Department. December 19, 1913.) In the matter of Edward Herrmann. No opinion. Refered to official referee. Settle order on notice. See, also, 75 Misc. Rep. 599, 136 N. Y. Supp. 944.

HEWLETTS LAND & IMPROVEMENT CO., Appellant, v. BURTON, Respondent. (Supreme Court, Appellate Division, Second Department. November 14, 1913.) Action by the Hewletts Land & Improvement Company against Rubert L. Burton.

PER CURIAM. Order modified, by requiring the bill of particulars to set forth, first, a complete and detailed statement showing the names of each and every creditor of the corporation plaintiff at the time of the transfer of the assets to defendant Burton, together with the amounts due to each and every creditor; second, an exact and detailed list of each and every stockholder of the plaintiff corporation, together with the number of shares owned by him, who did not consent to such transfer; third, an exact and detailed statement showing in what amounts the directors or officers of the company were unsecured creditors, or who of them were indorsers on the outstanding and unpaid notes of said company, and to what extent, and an exact and detailed statement showing in what amount the president and general manager were creditors of said company for money advanced for taxes and tax certificates as set forth in paragraph 8 of the complaint; fourth, an exact, and detailed statement showing the debts of the said corporation still outstanding, together with the names of the creditors and the amounts due, as alleged in paragraph 16 of the complaint; fifth, an exact and detailed statement setting forth the names and offices of the present officers of the corporation, together with the date of their elections, respectively, as set forth in paragraph 20 of the complaint. As so modified, the order is affirmed, without costs. Settle order before the Presiding Justice. See, also, 150 App. Div. 893, 135 N. Y. Supp. 1117.